IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUFUS WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WILLINGBORO TOWNSHIP, et al.,<br><br>    Defendants. | Civil Action<br>No. 20-1114 (RBK) (JS)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

    Plaintiff, a county inmate, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

### I.    BACKGROUND

    The Court gleans from the eighty-six-page Complaint that starting in January of 2017, Plaintiff had a dispute with an automotive repair shop owner, Michael Risoldi, and Mr. Risoldi's employees. The dispute was over $10,000.00 in modifications to Plaintiff's 1971 Buick Skylark custom convertible.

    As a result of these heated disputes, on September 26, 2017, Mr. Risoldi had Willingboro Township Officers plant drugs on Plaintiff's body, resulting in Plaintiff's arrest. Thereafter, the Complaint names thirty-five Defendants, who appear to be every person and entity related or tangentially related to his arrest, prosecution, and incarceration, and all of whom have committed some wrong against Plaintiff.

    In January of 2020, Plaintiff filed the instant Complaint, alleging that Defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and related claims.

Plaintiff seeks $900,000,000.02 in compensatory damages and another $900,000,000.02 in punitive and exemplary damages.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim

2

>> showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

With the principles above in mind, the Court finds that Plaintiff's "diary-like" Complaint fails to comply with Federal Rule of Civil Procedure 8. *See Favoroso v. New Jersey*, No. 11-5061, 2012 WL 1372280, at *2 (D.N.J. Apr. 19, 2012). As discussed above, Rule 8 requires the Complaint to be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Favoroso*, 2012 WL 1372280, at *2.

Instead, the eighty-six-page Complaint "is as detailed as it is rambling and confusing; it lists Plaintiff's physical sensations and thoughts . . . and replicates dialogues between the Plaintiff and various" Defendants. *Pilkey v. Lappin*, No. 05-5314, 2006 WL 1797756, at *1 (D.N.J. June 26, 2006).

The allegations also "meander[] back and forth across overlapping, yet distinct sets of named defendants" and are drafted in a hyper-detailed manner that makes "it arduous to sift through his . . . complaint and . . . stitch together the relevant allegations in relation" to his thirteen

3

enumerated counts. *Mobley v. Wetzel*, No. 14-00035, 2016 WL 11452949, at *1–2 (M.D. Pa. Feb. 11, 2016).

If Plaintiff wishes to submit an amended complaint, he shall: 1) "refrain from repeating allegations, unless absolutely necessary; (2) *include allegations about each defendant in a single location* rather than scattering the allegations throughout the pleading; (3) refrain from going into detail about every single discussion that may have occurred, unless absolutely relevant to the claims; (4) refrain from discussing" background information or other events that "only have a tangential relation to the underlying claims; (5) refrain from arguing and using conclusive allegations;" and (6) refrain from discussing reactions, feelings, conjecture, and thoughts, after each of Defendants' actions. *Id*. (emphasis added).

Additionally, although not necessary to the Court's disposition, the Court observes that many of Plaintiff's allegations take place over two years before Plaintiff filed the Complaint on January 28, 2020. The statute of limitations on a § 1983 claim in New Jersey is two years. *Briggs v. Becker*, No. 18-16773, 2019 WL 2022372, at *2 (D.N.J. May 8, 2019). Consequently, assuming Plaintiff had otherwise properly pleaded his claims, the statute of limitations would bar all claims that began to accrue before January 28, 2018, absent other considerations such as equitable or statutory tolling. *See id.* (detailing examples of statutory and equitable tolling). As a result, if Plaintiff wishes to pursue those earlier allegations and believes he can assert facts that warrant tolling, he must include the basis for such tolling in his motion to reopen.

Accordingly, the Court will dismiss without prejudice Plaintiff's Complaint for failure to comply with Rule 8.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice. The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.


Dated:  June  23, 2020                                s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge