IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUFUS WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WILLINGBORO TOWNSHIP, et al.,<br><br>    Defendants. | Civil Action<br>No. 20-1114 (RBK) (JS)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, a county inmate, is proceeding *pro se* with an Amended Complaint pursuant to 42 U.S.C. § 1983. In an earlier Opinion, the Court dismissed Plaintiff's initial complaint for failure to comply with Federal Rule of Civil Procedure 8. For the reasons stated in this Opinion, the Court will also dismiss Plaintiff's Amended Complaint without prejudice for failure to comply with Rule 8.

### I.    BACKGROUND

As set forth in the Court's earlier Opinion:

> The Court gleans from the eighty-six-page [initial] Complaint that starting in January of 2017, Plaintiff had a dispute with an automotive repair shop owner, Michael Risoldi, and Mr. Risoldi's employees. The dispute was over $10,000.00 in modifications to Plaintiff's 1971 Buick Skylark custom convertible.
>
> As a result of these heated disputes, on September 26, 2017, Mr. Risoldi had Willingboro Township Officers plant drugs on Plaintiff's body, resulting in Plaintiff's arrest. Thereafter, the Complaint names thirty-five Defendants, who appear to be every person and entity related or tangentially related to his arrest, prosecution, and incarceration, and all of whom have committed some wrong against Plaintiff.
>
> In January of 2020, Plaintiff filed the [initial] Complaint, alleging that Defendants violated his rights under the Fourth, Fifth, Sixth,

> Eighth, and Fourteenth Amendments, and related claims. Plaintiff seeks $900,000,000.02 in compensatory damages and another $900,000,000.02 in punitive and exemplary damages.

In Plaintiff's Amended Complaint, he reduces his request for damages to $90,000,000.02 in compensatory damages and another $90,000,000.02 in punitive and exemplary damages for his alleged illegal traffic stop. (ECF No. 5, at 19). Plaintiff appears to have also reduced the number of Defendants and narrowed some of his allegations.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

With the principles above in mind, the Court finds that Plaintiff's Amended Complaint also fails to comply with Rule 8. In its earlier decision, the Court directed Plaintiff to: 1) "refrain from repeating allegations, unless absolutely necessary; (2) include allegations about each defendant in a single location rather than scattering the allegations throughout the pleading; (3) refrain from going into detail about every single discussion that may have occurred, unless absolutely relevant to the claims; (4) refrain from discussing" background information or other events that "only have a tangential relation to the underlying claims; (5) refrain from arguing and using conclusive allegations;" and (6) refrain from discussing reactions, feelings, conjecture, and thoughts, after each of Defendants' actions. *Mobley v. Wetzel*, No. 14-00035, 2016 WL 11452949, at *1–2 (M.D. Pa. Feb. 11, 2016).

Despite those directives, Plaintiff devoted a substantial portion of his Amended Complaint discussing background information that is, at best, tangentially related to Plaintiff's dispute regarding his Buick Skylark and subsequent prosecution. Plaintiff includes numerous paragraphs on subjects such as historical slavery, descent from Israel, the prison industrial complex, race relations within the United States, genocide, extra-judicial killing, voter suppression, the distribution of drugs to minorities, *de facto* slavery, American Apartheid, and the FBI's conduct towards civil rights activists.

Further, although Plaintiff has better organized his Amended Complaint in comparison to his original pleading and reduced the number of Defendants, the document consists almost entirely of conclusive allegations. Plaintiff must plead facts, and those facts *must* be "short and plain." Fed. R. Civ. P. 8(a)(2). He cannot simply conclude that Defendants have violated his rights. Accordingly, the Court will dismiss without prejudice Plaintiff's Amended Complaint for failure to comply with Rule 8.

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Amended Complaint without prejudice. Additionally, as there is no active complaint in this matter, the Court will deny Plaintiff's motion to appoint counsel as moot. The Court shall give Plaintiff thirty days to file a second amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: October 21, 2020

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge